UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

OCHSNER FOUNDATION HOSPITAL                    CIVIL ACTION

VERSUS                                          NO. 06-11399

RONALD COMEAUX, ET AL.                          SECTION "N" (2)

## ORDER AND REASONS

Before the Court is the Motion to Dismiss (Rec. Doc. No. 2) filed by American Benefit Administrative Services, Inc. ("American Benefit").  Both Plaintiff, Ochsner Foundation Hospital ("Ochsner"), and Co-Defendant, ASCO, USA, LLC ("ASCO"), have filed oppositions to the motion. (Rec. Doc. Nos. 5 & 6.)  For the reasons stated herein, the Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

### I.  BACKGROUND

From on or about July 19, 2003 to September 6, 2003, Ochsner provided inpatient treatment to Marion Comeaux, a beneficiary of a medical insurance plan ("the Plan") provided through ASCO, her husband's employer.  It is undisputed that the Plan was a self-funded ERISA-governed health benefits plan.  ASCO contracted with American Benefit, a third-party contract administrator, to manage, supervise, and administer the Plan.

The medical treatment rendered to Marion Comeaux, now deceased, resulted in charges in the amount of $371,002.32.  Having not received payment for these charges, Ochsner filed suit  in the 17th Judicial District Court for the Parish of Lafourche, naming as defendants Ronald Comeaux, ASCO, and American Benefit.[1]   The petition, styled "Suit on Open Account," asserts claims against all three defendants jointly and severally, pursuant to the Louisiana Open Account Statute, La. R.S. 9:2781.  The allegations of the petition are summarized as follows:  After Marion Comeaux expired, statements were sent to American Benefit for payment for services rendered to Ms. Comeaux, totaling $371,002.32.   Under the health and hospitalization policy, ASCO was required to pay a certain deductible to the health care provider in the event of hospitalization, but despite multiple requests, ASCO has failed to pay this deductible.  The bill for services rendered to Marion Comeaux was a community obligation of the marriage of Ronald and Marion Comeaux and therefore is a debt owed by Ronald Comeaux.  Despite amicable demand, no payments have been made by American Benefit, ASCO, or Ronald Comeaux.

---

[1]  Plaintiff names American Benefit as a defendant pursuant to the Louisiana Direct Action Statute, La. R.S. 22:655; however, the Court finds invocation of this statute to be improper.  First, it is undisputed that American Benefit is not an insurance company, but rather a contract third-party administrator.  Second, the direct action  statute deals with liability policies, not health insurance policies.  "Health insurance and liability insurance are not synonymous with each other."  *Allen v. Loyola University*, 1995 WL 468164, at *2 (E.D. La. Aug. 8, 1995).  Health insurance policies and liability policies are governed by separate and distinct laws. *Id.*  The plan at issue in this case is an ERISA-regulated  health benefits plan, not a liability policy.

2

American Benefit removed the action to federal court, contending that Plaintiff's state law claims were preempted by ERISA, 29 U.S.C. § 1001, *et seq.*[2] American Benefit now seeks dismissal of Plaintiff's claims, or alternatively, a finding that its claims under the Louisiana Open Account Statute are preempted by ERISA.

## II.  LAW AND ANALYSIS

### A.  Legal Standard

As an initial matter, the Court notes that American Benefit's Motion to Dismiss does not identify the rule pursuant to which it is being filed.  Accordingly, the Court assumes that the motion is one for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In determining whether a complaint states a claim upon which relief may be granted, a court must ordinarily not look beyond the pleadings.  *See Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 499-500 (5th Cir. 1982), *cert. denied*, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983).  However, both Ochsner and American Benefit have submitted matters

---

[2] Generally, the determination of whether a court has federal question jurisdiction is resolved by application of the "well-pleaded complaint" rule.  *Merrell Dow Pharms. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1985); *Hart v. Bayer Corp.*, 199 F.3d 239, 243 (5th Cir. 2000).  However, when there is complete preemption, federal question jurisdiction exists regardless of how the complaint is pleaded, and removal is proper.  *See Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999).

outside the pleadings in connection with the motion.[3]   A court has discretion pursuant to Rule

12(b)(6) regarding whether to accept and consider any material beyond the pleadings in a motion

to dismiss for failure to state a claim.  Because the Court finds that consideration of these materials

will be helpful to a determination on the issue of preemption, the instant motion will be treated as

one for summary judgment pursuant to the standard of Rule 56 of the Federal Rules of Civil

Procedure.  *See Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 283 n. 7 (5th Cir. 1993).

### 1.  Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment may be

granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law."  *See* Fed.R.Civ.P. 56(c).  *See also Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).   The materiality of facts is determined by the

substantive law's identification of which facts are critical and which facts are irrelevant.  *Anderson*

---

[3] American Benefit has submitted the following matters outside the pleadings in connection with its memorandum in support of the motion to dismiss: (1) Affidavit of Patricia Toledano (Rec. Doc. No. 2-3, Ex. 1); (2) The ASCO Plan (Rec. Doc. Nos. 2-3 – 2-5, Ex. A); (3) Employer Group Application for Self-Funded Products (Rec. Doc. Nos. 2-5 – 2-6, Ex. B); (4) Excess Financial Loss Reimbursement Coverage agreement with Universal Insurance Company (Rec. Doc. No. 2-6, Ex. C); (5) Administrative Services Agreement between ASCO and American Benefit (Rec. Doc. No. 2-6, Ex. D); (6) Explanation of Benefits by American Benefit (Rec. Doc. No. 2-6, Ex. E); (7)  American Benefit's Request for Funds from ASCO and Drafted Check in the amount of $314,815.14 (Rec. Doc. No. 2-6, Ex. F).

Ochsner has submitted the following matters outside the pleadings in connection with its memorandum in opposition to the motion to dismiss: (1) Affidavit of Shaye Peterson (Rec. Doc. No. 5-2); (2) Southern Credit Recovery Inc.'s collection attempt notes (Rec. Doc. No. 5-2, Ex. A); (3) Summary of Collector Notes (Rec. Doc. No. 5-2, Ex. B).

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is material if it "might affect the outcome of the suit under the governing law."  *Id.*

Initially, the movant bears the burden of demonstrating the absence of material fact issues. *Abbott v. Equity Group, Inc.*, 2 F.3d 613, 619 (5th Cir. 1993).  The movant is not required, however, to negate the elements of the nonmovant's case.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*citing Celotex*, 477 U.S. at 323).  If the dispositive issue is one for which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim.  *Celotex*, 477 U.S. at 325.  If the movant meets his burden, then the burden shifts to the nonmovant, who, to avoid summary judgment, must go beyond the pleadings and designate specific facts that show that there is a genuine issue for trial. Little, 37 F.3d at 1075 (*citing Celotex*, 477 U.S. at 325).  Of course, unsubstantiated assertions do not constitute competent summary judgment evidence.  *Abbott*, 2 F.3d at 619 (*citing Celotex*, 477 U.S. at 324).

### 2.  ERISA Preemption

Section 502(a) of ERISA, 29 U.S.C. § 1132(a), sets forth a "comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans."  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208, 124 S.Ct. 2488, 2495, 159 L.Ed.2d 312 (2004) (internal citations omitted).  ERISA § 502(a)(1)(B) provides that "[a] civil action may be brought (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of

his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(a)(B).  A state law claim that falls within the scope of this enforcement remedy is "completely preempted."[4] *See id.* at 209.  Such state law claims are completely preempted by ERISA § 502(a)(1)(B) only when both: (1) an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and (2) there is no legal duty independent of ERISA or the plan terms that is implicated by the defendant's actions. *See Davila*, 542 U.S. at 210.

## B.  Analysis

American Benefit asserts that Ochsner's state law claims against it are subject to complete preemption under ERISA and therefore should be dismissed, or in the alternative, recast as ERISA claims and adjudicated in accordance with ERISA law.  Ochsner opposes dismissal but concedes that ERISA governs its claims.  Specifically,  Ochsner contends in its opposition that American Benefit's potential liability is based on 29 U.S.C. 1132(a) "for failure to properly carry out its assigned duties as administrator hired by ASCO to process claims for health care benefits rendered to its employees under the provisions of the plan."  Ochsner alleges that American Benefit, as the Contract Administrator, failed to timely pay the Ochsner-Comeaux claim while simultaneously and subsequently paying other claims, resulting in a depletion of the available insurance monies.

---

[4] Another type of preemption, express or "conflict" preemption, arises when state law claims are asserted that "relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). Conflict preemption does not allow removal to federal court but is an affirmative defense against claims that are not completely preempted under [ERISA § 502(a)]. *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 275 n. 34 (5th Cir. 2004).

Ochsner asks the Court to "construe the complaint to show that Plaintiff was damaged by the failure of [American Benefit] to carry out its duties as a contract administrator," and to allow it a "reasonable delay to amend the Complaint to clarify that ASCO and [American Benefit are sued in their capacity as plan administrators."[5]

While the Court acknowledges that American Benefit and Ochsner have, in effect, seemed to stipulate that Ochsner's state law claims against American Benefit are completely preempted by ERISA, the Court is nevertheless mindful of the fact that the sole basis for its jurisdiction over this matter is complete preemption.  Because a district court must inquire into its own jurisdiction, even if the parties have not questioned it, *Free v. Abbott Labs, Inc.*, 164 F.3d 270, 272 (5th Cir. 1999), the Court finds that an analysis of the complete preemption issue beyond that which is set forth in the parties' briefs is warranted.

In order to determine whether Ochsner's claims against American Benefit are completely preempted, the Court must first determine whether Ochsner, at some point in time, could have brought its claims pursuant to ERISA.  *See Davila*, 542 U.S. at 210.  In the Fifth Circuit, a hospital has standing to sue under § 1132(a)(1)(B) as an assignee of a participant or beneficiary in order to claim plan benefits.  *See Tango Transp. v. Health care Fin. Servcs. LLC*, 322 F.3d 888, 891 (5th Cir.

---

[5] In its memorandum, American Benefit states that Ochsner's claims against ASCO are likewise preempted by ERISA.  Though ASCO has filed an opposition to the motion, it has not disputed American Benefit's contention regarding complete preemption.  Rather, ASCO merely requests that any dismissal of Ochsner's claims against American Benefit be without prejudice to ASCO's potential claims against American Benefit under the Administrative Services Agreement.

2003) ("[T]his Court, like many of our sister circuits, recognizes derivative standing which permits

suits in the context of ERISA-governed employee welfare benefit programs to be brought by certain

non-enumerated parties."); *Hermann Hosp. v. MEBA Med. & Benefits Plan*, 845 F.2d 1286, 1289-90

(5th Cir. 1988).  It is undisputed that Marion Comeaux assigned her health care rights under the Plan

to Ochsner.  (Rec. Doc. No. 5, p.2, ¶ 4.)  Because Ochsner had an assignment of benefits from

Marion Comeaux, it can therefore sue under § 1132(a) as an assignee.  Accordingly, the Court finds

that the first prong of *Davila* is satisfied.

       However, "the mere fact of an assignment does not result in complete preemption of the

plaintiff's claim if it asserts a cause of action outside its right to recover as an assignee." *Memorial

Hermann Hosp. System v. Aetna Health Inc.*, 2007 WL 1701901, at *4 (S.D. Tex., June 11, 2007).

"[C]omplete preemption under ERISA requires both standing *and* the lack of an independent legal

duty supporting a state-law claim." *Id.*  (*citing Davila*, 542 U.S. at 210).  "A legal duty is not

independent if it 'derives entirely from the particular rights and obligations established by [ERISA]

benefit plans.'" *Id.*  The Court will examine Ochsner's causes of action in order to determine whether

the petition seeks to remedy a violation of a legal duty independent of ERISA.

       The petition, which is styled "Suit on Open Account," seeks recovery against all three

defendants pursuant to La. R.S. 9:2781, Louisiana's Open Account Statute.[6]  (Rec. Doc. No. 1-2, ¶

---

[6] An "open account includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions . . . [and] debts incurred for professional services, including but not limited to legal and medical services." La. R.S. 9:2781(D).

XIII.)  American Benefit argues that the only open account in this matter is the account of "patient Comeaux with Ochsner" and that there is no independent insurance agreement between Ochsner and American Benefit or ASCO.  As a result, American Benefit contends, Ochsner's claims are necessarily derivative of Marion Comeaux's right to plan benefits.

The Court finds it unnecessary to determine whether the legal relationship between Comeaux and Ochsner constitutes an "open account" for purposes of La. R.S. 9:2781 because it is apparent that Ochsner's claim to recover plan benefits as Marion Comeaux's assignee is completely preempted, whether the legal relationship falls under the Louisiana Open Account Statute or not.  Nonetheless, it must still be ascertained whether there is any independent legal duty supporting Ochsner's state law claims.  In the case at bar, Ochsner has neither asserted a breach of contract claim nor submitted any summary judgment evidence demonstrating that any type of managed care or preferred provider contract even existed between it and either American Benefit or ASCO.  Moreover, Ochsner does not dispute American Benefit's assertion that there is no independent agreement between Ochsner and either of those two defendants.

Paragraph VIII of the petition, however, alleges that Marion Comeaux was admitted to Plaintiff's hospital "with the knowledge and approval of defendant, American Benefit, via authorization #ABA 2010881" (Petition ¶ VIII).  The Fifth Circuit has held that ERISA does not preempt state law when the state-law claim is based on "alleged assurances of prior approval," or "misrepresentation-during-precertification."  *See Transitional Hospitals Corp. v. Blue Cross & Blue Shield of Texas, Inc.*, 164 F.3d 952, 954 (5th Cir. 1999) (no complete preemption where hospital alleged that, prior to admitting patient, defendants misrepresented that ERISA plan would pay 100%

of patient's hospital bills); *see also Transitional Hospitals Corp. Of Louisiana Inc. v. Louisiana Health Service*, No. 02-354, 2002 WL 1303121, at * 1 (E.D. La. June 12, 2002) (hospital's detrimental reliance claim did not require determination of a federal right, and was therefore not completely preempted, since claim was based on alleged assurances of prior approval as opposed to terms of benefit plan itself); *see also St. Luke's Episcopal Hospital v. Acordia National*, No. 05-1438, 2006 WL 3093132, 39 Employee Benefits Cas. 1114, 1126 (S.D. Tex. June 8, 2006) (hospital's misrepresentation-during-certification claim was not dependent on Plan terms, and therefore not completely preempted, because defendant could be held liable even if it correctly denied coverage under Plan terms).

But Ochsner has not alleged, in the petition or elsewhere, that American Benefit made any misrepresentations in connection with the prior authorization or in any way induced Ochsner to believe that the prior approval guaranteed full payment of the claim. While one can envision a scenario in which American Benefit could be held liable to Ochsner independent of the terms of the ERISA plan,[7] the Court finds that the petition and the materials submitted by the parties offer no support for a claim based on either a detrimental reliance or misrepresentation theory of recovery.

_____

[7] American Benefit contends that the total amount of payable claims made under the ASCO plan exceeded the amount of funding due from the reinsurer and that as a result, it became ASCO's responsibility to fund the Comeaux claim. Assuming without deciding that ASCO failed to ensure that the Plan was adequately funded, it may be the case that American Benefit's failure to pay the Comeaux claim was appropriate. Nevertheless, even if American Benefit correctly denied coverage based on the terms of the Plan, it could possibly still face potential liability for any alleged misrepresentations it may have made during the prior approval of the Comeaux claim, such that a legal duty independent of ERISA would be implicated.

In fact, in its opposition, Ochsner concedes that its sole claims against American Benefit are grounded in its alleged "failure to properly carry out its assigned duties as administrator hired by ASCO to process claims for health care benefits rendered to its employees under the provisions of the plan." Had Ochsner based its claims against American Benefit, in whole or in part, on misrepresentations or detrimental reliance in connection with the prior approval of Marion Comeaux's claim, as opposed as the terms of the benefit plan itself, a strong argument could be made that complete preemption would not exist in this case. *See Transitional Hospitals Corp. of Louisiana, Inc.*, 2002 WL 1033121, at *1. However, the petition makes no such allegations, and the parties have presented no summary judgment evidence indicating that Ochsner's claims are based upon anything other than its assignment of benefits from Marion Comeaux under the Plan. Accordingly, the Court finds that no genuine issues of material fact exist regarding whether Ochsner's claims depend on the right to payment under an ERISA plan. Because Ochsner's claims do not implicate a legal duty independent of ERISA, its state law claims are completely preempted by ERISA and summary judgment is appropriate as to these claims.

### C.  Leave to Amend

The Fifth Circuit has held that "ERISA's preemptive and civil enforcement provisions operate to 'recharacterize' such claims into actions arising under federal law." *Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262, 269 (5th Cir. 2004) (*citing Degan v. Ford Motor Co.*, 869 F.2d 889, 893 (5th Cir. 1989)). In its opposition, Ochsner requests leave to amend its petition to clarify that its claims against American Benefit and ASCO are grounded in ERISA. Leave to amend a pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Defendants have not objected to

Ochsner's request to amend; indeed, they have addressed the ERISA claim on the merits.  Moreover, American Benefit's alternative motion specifically requests that Ochsner's claims be recharacterized and adjudicated as ERISA claims.  Further, having removed on the basis of ERISA preemption, American Benefit is precluded from opposing a motion for leave to amend to include an ERISA claim.  *See Ellis*, 394 F.3d at 269.  For these reasons, the Court finds that amendment is appropriate in order to allow Ochsner to amend its complaint to state ERISA claims against American Benefit and ASCO.

### III.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1)  Ochsner's request for leave to file an amended complaint is **GRANTED**.  Within ten days of the entry of this Order, Plaintiff shall file an amended complaint for the sole purpose of clarifying that its claims against American Benefit and ASCO are brought pursuant to ERISA.

(2)  The Motion for Summary Judgment is **GRANTED** to the extent that Ochsner's state law claims are dismissed with prejudice and **DENIED** to the extent that Ochsner's such claims are construed and recharacterized as claims for relief under 29 U.S.C. § 1132.

New Orleans, Louisiana, this  25th  day of September, 2007.

**KURT D. ENGELHARDT**
**United States District Judge**

12